PARIENTE, J.,
concurring in part and dissenting in part.
I concur in part because I agree with the majority’s rejection of a per se rule that the administration of Miranda warnings always transforms a consensual encounter into an investigatory stop. However, I dissent from its decision that an investigatory stop did not occur in this case because, absent other circumstances that would indicate to a reasonable person that he or she is free to leave, the administration of Miranda warnings constitutes a show of authority that would cause a reasonable person to believe that he or she was not free to terminate the encounter and leave. See Terry, 392 U.S. at 19 n. 16, 88 S.Ct. 1868 (stating that a seizure under the Fourth Amendment occurs only “when the officer, by means of physical force or show of authority, has in some way retrained the liberty of a citizen”).
Consider the facts of this case from a common sense viewpoint. A police officer approaches an individual, tells the individual that he would like to speak to him, and directs the individual back toward his police cruiser. The police officer knows he lacks reasonable suspicion to conduct an investigatory stop. But the police officer confronts the individual with evidence of guilt in a crime by telling the individual that he knows the individual committed certain break-ins and then reads the individual his Miranda rights. Would a reasonable person feel free to terminate the encounter and leave? I conclude that, under the totality of the circumstances, he would not.
The operative question under the Fourth Amendment is whether a law enforcement officer’s conduct amounts to a show of authority such that a reasonable person would not believe he or she is free to terminate the encounter and leave. I conclude that Miranda warnings unmistakably constitute a show of authority and communicate to an individual that he or she is not free to leave. The warnings also constitute a strong indication that the investigating officer intends for the defendant to remain for questioning.
Miranda warnings were designed to minimize the coercive effect of custodial interrogations. They were not designed for use in consensual encounters. In fact, the very wording of the warnings is incompatible with a consensual encounter. The warnings advise defendants that they have the “right to remain silent” and that anything they say can and will be used against them in a court of law. Additionally, the warnings advise defendants that they have the “right to talk to a lawyer” and have the lawyer present during questioning. The warnings advise defendants that a lawyer will be appointed for them. The warnings advise defendants that they can decide at any time not to exercise these rights and not answer any questions. What the warnings do not tell defendants is that they are free to leave! As the Fourth District aptly observed: “The only way appellant could have felt free to leave would have been for him to have assumed that the officer was wrong in advising him that he was entitled to court appointed counsel if he could not afford counsel right *206 there and then.” Raysor, 795 So.2d at 1072.
In light of the strong indication that a reasonable person would believe that he or she is not free to leave after the Miranda warnings are administered, I would conclude that the totality of the circumstances in this case resulted in a seizure. The officer told Caldwell that he would like to speak to him and confronted Caldwell with evidence of guilt by telling Caldwell he knew Caldwell committed the break-ins. These circumstances, coupled with the administration of the Miranda warnings, constituted a show of authority such that a reasonable person would not feel free to leave.
For all of these reasons, I respectfully concur in part and dissent in part.